1 **The Cardoza Law Corporation**
2 Michael F. Cardoza, Esq. (SBN: 194065)
3 Mike.Cardoza@cardozalawcorp.com
548 Market St. #80594
4 San Francisco, CA 94104
5 Telephone: (415) 488-8041
Facsimile: (415) 651-9700
6 *Attorney for Plaintiff*,
7 Leroy Richard Sr.

**UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| **LEROY RICHARD SR.** | Case No.:_____ |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| **WESTERN DENTAL SERVICES, INC. and AARGON AGENCY, INC.;** | |
| Defendants | |

///

///

///

///

**COMPLAINT CASE NO. _____**

## INTRODUCTION

1. This is an action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorney fees, and costs brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") , the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (hereinafter "TCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785 et seq. (hereinafter "CCRAA"), and California Business and Professional Code § 17200, all of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

**COMPLAINT CASE NO. _____**          **Page 2 of 14**

e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.

3. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States , and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## INTRADISTRICT ASSIGNMENT

---

[1] Cal. Civil Code § 1788.1(a)(1).

**COMPLAINT CASE NO.** _____           **Page 3 of 14**

7. Intradistrict assignment to the SAN JOSE DIVISION is proper because this case's category is not excepted by Civil L.R. 3-2(c) and a substantial part of the events or omissions which give rise to the claim occurred in the county of SANTA CLARA.

## PARTIES

8. Plaintiff LEROY RICHARD SR. (hereinafter "Plaintiff") is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h). Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

9. Defendant WESTERN DENTAL SERVICES, INC. (hereinafter "Defendant Western") is a California corporation operating from an address of 530 South Main Street, Orange, California, 92868, is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c), and is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under CalCiv § 1785.25. Defendant Western was and is a "person" as defined by the TCPA, 47 U.S.C. § 153(39).

10. Defendant AARGON AGENCY, INC. (hereinafter "Defendant Aargon") is a Nevada corporation operating from an address of 8668 Spring Mountain Road, Las Vegas, Nevada, 89117, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c)., and is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under CalCiv § 1785.25. Defendant Aargon was and is a "person" as defined by the TCPA, 47 U.S.C. § 153(39).

11. Defendant Western hired Defendant Aargon to collect debts allegedly due to Defendant Western.

**COMPLAINT CASE NO.** _____        **Page 4 of 14**

12. The acts of Defendant Aargon relating to the Plaintiff were conducted on behalf of Defendant Western, and with the consent, approval, and/or ratification of Defendant Western.

13. The Plaintiff alleges that at all times herein mentioned, Defendant Aargon was, and is now, the servant, employee, and/or other representative of the other Defendant Western, and in doing the things herein alleged, was acting in the scope, purpose, and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent, and/or ratification of Defendant Western. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

14. At all times relevant to this complaint, the Defendants used, controlled, and/or operated "automatic telephone dialing systems" (hereinafter "ATDS") as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

15. The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. **Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.**

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted, bold emphasis added.)

## STATEMENT OF FACTS

16. On March 26, 2014, Plaintiff contracted with Defendant Western for dental goods and services for his person. The debt alleged is therefore a "consumer debt" as that term is defined by 15 U.S.C. § 1692a(5) and CalCiv § 1788.2(f). The total contract price was $3,776.00 and as of the date March 26, 2014, Plaintiff had made three advance payments toward that contract price totaling $1,054.00. The work was to be performed on or about March 26, 2014 and the remaining balance of $2,722 was to be paid in 17 monthly installments of $150.00 starting on March 27, 2014 plus one final payment of $172.00. (See Exhibit A)

17. Plaintiff made timely payments to Defendant Western in accordance with the contract until December 2, 2014, at which time he elected to pay the remaining balance due in full via personal check #1071. (See Exhibit B)

18. Plaintiff had provided his cellular phone number (ending in -9129) to Defendant Western prior to March 26, 2014, but did not expressly provide consent to receive calls via any automatic telephone dialing system (hereinafter "ATDS") as that system is defined by 47 U.S.C. § 227(a)(1).

19. Beginning in early 2015 and until the middle of 2016, Plaintiff received calls on his cellular phone from callers who identified themselves as being from Defendant Western calling to collect money allegedly owed for the procedure that is the subject of this case.

20. Defendant Western's calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

21. During the above time period Plaintiff received calls on his cellular phone from callers who identified themselves as representing Defendant Western in an effort to collect money allegedly owed for the procedure that is the subject of this case.

22. Defendant Aargon's calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

23. Immediately upon answering each of the calls to his cellular phone with a verbal greeting, Plaintiff noticed an un-natural pause and 1-5 seconds of silence before the caller began to speak. The pause and 1-5 seconds of silence before the caller began to speak are indicative of the use of an ATDS.

24. Plaintiff was frustrated and distressed by these calls and felt anxious, harassed, helpless, and pursued, and suffered an invasion of his legally protected interest in his personal privacy which is specifically addressed by the TCPA.

25. During the middle part of 2015, Plaintiff affirmatively told each of these callers to stop calling his cell phone, but still the calls continued well into 2016.

26. Plaintiff suffered the total loss of cellular telecommunications during these phone calls and the telephone number that Defendants called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

27. Defendant Western dunned Plaintiff by mail for the debt that is the subject of this case at a frequency of about 1 to 2 per month starting at the end of 2014 continuously until the early part of 2016.

28. On October 2, 2015, Defendant Western dunned Plaintiff by mail for an amount due under the contract that is the subject of this case (ending in 368) and threatened to furnish negative information to a consumer credit reporting agency if Plaintiff did not pay. (See Exhibit C)

29. Defendant Western's letter of October 2, 2015 was representative of other letters that it sent to Plaintiff.

30. In early 2016, Plaintiff began to receive dunning letters from Defendant Aargon for the same alleged debt that is the subject of this case at a frequency of about 1 to 2 per month.

31. Subsequent to a denial of a home mortgage loan application in April, 2016, Plaintiff discovered that Defendants were furnishing inaccurate negative information to more than one consumer credit reporting agency.

32. In April of 2016, Plaintiff sought from Defendant Western, and received, confirmation that he had, in fact, owed no money to Defendant Western since December 2, 2014 and that his payment by personal check #1071 of December 2, 2014 had constituted payment in full. (See Exhibit D)

33. In May of 2016, Plaintiff complained to Defendant Western about the collections and the negative credit information being furnished and received Defendant Western's assurance that Plaintiff's credit report would be "updated" within 30 business days and confirmation that he had, in fact, no debt outstanding to Defendant Western. (See Exhibit E)

34. On June 29, 2016, Defendant Aargon again dunned Plaintiff by mail for the debt that is the subject of this case (Account number ending in 368) and notified Plaintiff that the negative information either "has been or may be" reported to a consumer credit reporting agency. (See Exhibit F)

35. On July 18, 2016, Plaintiff discovered that the debt that is the subject of this case had not only NOT been removed from at least two of his consumer credit reporting agency records, it had apparently been reported inaccurately by the Defendants every single month of every year since January of 2014. (See Exhibit G)

### *Actual Damages*

36. Plaintiff has suffered actual damages as a result of these illegal collection and credit reporting tactics by these Defendants in the form of damage to credit, charges for cellular phone usage, charges for postage, loss of telecommunications, loss of home-buying

opportunity, invasion of privacy, exacerbation of a life-threatening medical condition, loss of productive time, nausea, feelings of hopelessness, anger, persecution, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF § 1692e(2)(A) OF THE FDCPA

37. A debt collector violates § 1692e(2)(A) of the FDCPA when it falsely represents the character, amount, or legal status of debt in connection with collection of a debt.

38. Defendant Aargon violated § 1692 e(2)(A) by attempting to collect a debt not owed by the Plaintiff from about February, 2016 to the present and by falsely representing to consumer credit reporting agencies that Plaintiff did owe the debt.

### COUNT II
### VIOLATION OF § 1692e(8) OF THE FDCPA

39. A debt collector violates § 1692e(8) of the FDCPA when it communicates to any person credit information which is known or which should be known to be false.

40. Defendant Aargon violated § 1692e(8) by communicating credit information regarding Plaintiff that it knew or should have known to be false from February, 2016 to the present.

### COUNT III
### VIOLATION OF § 1692f OF THE FDCPA

41. A debt collector violates § 1692f of the FDCPA when it attempts to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

42. Defendant Aargon violated § 1692f by attempting to collect a debt and interest from Plaintiff that was not owed by Plaintiff.

## COUNT IV
## VIOLATION OF THE RFDCPA

43. A debt collector violates § 1788.17 of the California Civil Code by failing to comply with § 1692b through § 1692j of the FDCPA.

44. Defendant Aargon violated Cal. Civ. Code § 1788.17 when it willfully violated the FDCPA by way of the acts and omissions set forth previously in this Complaint.

45. Pursuant to Cal. Civ. Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

46. Defendant Western violated Cal. Civ. Code § 1788.17 when it willfully violated § 1692 e(2)(A) of the FDCPA by willfully attempting to collect a debt not owed by the Plaintiff from December 2, 2014 to the present and by falsely representing to consumer credit reporting agencies that Plaintiff did owe the debt that he didn't owe or owed in such amounts that were false.

47. Defendant Western violated Cal. Civ. Code § 1788.17 when it willfully violated § 1692e(8) of the FDCPA by willfully communicating credit information regarding Plaintiff that it knew or should have known to be false from January, 2014 to the present.

48. Defendant Western violated Cal. Civ. Code § 1788.17 when it willfully violated § 1692f of the FDCPA by willfully attempting to collect a debt and interest from Plaintiff that was not owed by Plaintiff.

## COUNT V
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 ET SEQ.

49. A person violates the TCPA when they contact or attempt to contact a person via an ATDS without prior express consent from the recipient or any statutory exception.

50. Defendants violated the TCPA when they contacted and/or attempted to contact Plaintiff via an ATDS without prior express consent from Plaintiff.

## COUNT VI
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. § 227 ET SEQ.**

51. A person violates the TCPA when they knowingly or willfully contact or attempt to contact a person via an ATDS without prior express consent from the recipient or any statutory exception.

52. Defendants violated the TCPA when they knowingly and/or willfully contacted and/or attempted to contact Plaintiff via an ATDS without prior express consent from Plaintiff.

## COUNT VII
## VIOLATION OF § 1788.25(a) OF THE CCRAA

53. A person violates § 1788.25(a) of the California Civil Code when they furnish information on a specific transaction or experience to any consumer credit reporting agency and they know or should know that the information is incomplete or inaccurate.

54. Defendant Aargon violated § 1788.25(a) of the California Civil Code from about February, 2016 to the present, when it willfully furnished negative credit information about Plaintiff to at least one consumer credit reporting agency and it knew or reasonably should have known that the information was incomplete or inaccurate.

55. Defendant Western violated § 1788.25(a) of the California Civil Code from about January, 2014 to the present, when it willfully furnished negative credit information about Plaintiff to

at least one consumer credit reporting agency and it knew or reasonably should have known that the information was incomplete or inaccurate.

## COUNT VIII

### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONAL CODE § 17200

56. A defendant violates California Business and Professional Code § 17200 when it engages in any unlawful, unfair, or fraudulent business act or practice.

57. Defendants violated California Business and Professional Code § 17200 by their business acts and practices that violated the FDCPA, the RFDCPA, the TCPA, and the CCRAA.

58. Defendants also violated California Business and Professional Code § 17200 by unfairly and willfully harassing and attempting to coerce Plaintiff into paying Defendants money that he did not owe by alleging that he did owe it, falsely reporting a debt and interest owed by Plaintiff to consumer credit reporting agencies, and by failing to cease such abusive behavior in the face of obvious and overwhelming proof that Plaintiff did not owe any debt.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), Cal. Civ. Code § 1785.31 (RFDCPA), and Cal. Civ. Code § 1788.30 (CCRAA) against Defendant Aargon and for Plaintiff, and

b) Award of actual damages pursuant to Cal. Civ. Code § 1785.31 (RFDCPA), and Cal. Civ. Code § 1788.30 (CCRAA) against Defendant Western and for Plaintiff, and

c) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(a) (FDCPA) against Defendant Aargon and for Plaintiff, and

d) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (CCRAA) against each Defendant individually and for Plaintiff, and

e) Award of statutory damages in the amount of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. 227(b)(3)(B) against each Defendant individually and for Plaintiff, and

f) Award of statutory damages in the amount of $1500.00 for each and every willful or knowing violation of the TCPA pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C) against each Defendant individually and for Plaintiff, and

g) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) (FDCPA),  Cal. Civ. Code § 1785.31 (CCRAA), and Cal. Civ. Code § 1788.30 (RFDCPA) against Defendant and for Plaintiff, and,

h) Award of injunctive relief pursuant to Cal. Civ. Code § 1785.31 (CCRAA) and California Business and Professional Code § 17200, to wit, that declaratory judgment be granted in favor of Plaintiff that he owes nothing associated with these/this debt(s), and that Defendants be ordered to instruct any and all consumer credit reporting agencies to which they have furnished data to completely remove the erroneous historical tradelines that are the subject of this complaint.

i) Award of restitution as may be fair and equitable pursuant to California Business and Professional Code § 17200 against each Defendant and for Plaintiff, and,

j) Award of punitive damages for willful violation of the CCRAA in the amount of $5,000 for each and every violative month of credit reporting to each and every consumer credit reporting agency reported to from January, 2014 through the cessation of the continuing violation pursuant to Cal. Civ. Code § 1785.31(CCRAA) against Defendant Western and for Plaintiff, and,

**COMPLAINT CASE NO.** _____         **Page 13 of 14**

k) Award of punitive damages for willful violation of the CCRAA in the amount of $5,000 for each and every violative month of credit reporting to each and every consumer credit reporting agency reported to from February, 2016 through the cessation of the continuing violation pursuant to Cal. Civ. Code § 1785.31(CCRAA) against Defendant Aargon and for Plaintiff, and,

l) Award to Plaintiff of such other and further relief as may be just and proper.

### CERTIFICATION PURSUANT TO CIVIL L.R. 3-15

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

BY: /s/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.

### TRIAL BY JURY IS DEMANDED.

THE CARDOZA LAW CORPORATION

DATED: August 12, 2016      BY: /s/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.
(SBN: 194065)
MIKE.CARDOZA@CARDOZALAWCORP.COM
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104
TELEPHONE: (855) 982-2400
FACSIMILE:  (415) 651-9700

ATTORNEY FOR PLAINTIFF,
LEROY RICHARD, SR.